IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON COMBS and : | |
| MELINDA WOOD, et al. : | |
|     Plaintiffs, : | |
| : | |
| vs. : | Case No. 1:14-cv-00172-C |
| : | |
| ORIGINAL OYSTER HOUSE, INC., : | |
|     Defendant. : | |

## ANSWER

Defendant Original Oyster House, Inc. answers the Complaint of Plaintiffs Sharon Combs and Melinda Wood as follows:

1. Defendant admits the allegations of paragraph 1.

2. Defendant admits Sharon Combs was at one point employed as a lead server and at times was employed as a server at its Gulf Shores, Alabama restaurant, but denies the remainder of the allegations of paragraph 2.

3. Defendant admits Melinda Wood was at times employed as a server and a bartender at its Gulf Shores, Alabama restaurant, but denies the remainder of the allegations of paragraph 3.

4. The allegations of paragraph 4 are merely legal conclusions or descriptions of the lawsuit, not factual allegations. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

5. Defendant denies the allegations of the second sentence of paragraph 5. The first sentence of this paragraph is merely a legal conclusion or description of the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

6. Defendant admits Plaintiffs and some servers were paid an hourly wage of $2.13 per hour, plus tips, for performing the duties of a server, but otherwise denies the remainder of the allegations in paragraph 6.

7. Defendant admits some lead servers are paid an hourly wage of $3.13 per hour, plus tips, for performing the duties of a lead server, but otherwise denies the remainder of the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant admits at times oyster shuckers shuck raw oysters in the kitchen, but otherwise denies the remainder of the allegations in paragraph 9.

10. Defendant admits at times kitchen staff (expeditors) assemble food on trays in the kitchen, but otherwise denies the remainder of the allegations in paragraph 10.

11. Defendant admits servers and lead servers at times, if scheduled to work the day shift/lunch shift, were required to report to work at some point before customers were admitted to the restaurant, but otherwise denies the remainder of the allegations in paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13 and further avers that Defendant provided to day shift/lunch shift servers and lead servers a free meal and time to eat before the restaurant was opened to customers.

14. Defendant admits some of the duties described in paragraph 14 were performed by servers and lead servers at times during a day shift/lunch shift before they were provided a free meal and time to eat by Defendant before customers were admitted to the restaurant, but denies the remainder of the allegations of this paragraph.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant admits some of the duties described in paragraph 17 were performed by Plaintiffs and other servers at times during a night shift/dinner shift while continuing to serve customers, but denies the remainder of the allegations of this paragraph.

18. Defendant denies the allegations of paragraph 18.

19. Defendant admits that, before January 20, 2014, oyster shuckers at times received 25¢ from a servers' tips or lead servers' tips per dozen raw oysters sold by the server or lead server during a shift, but Defendant denies that any oyster shucker received any portion of any tips from any server or lead server who did not sell raw oysters during the shift. Defendant further admits that, before January 20, 2014, at times expeditors received a small percentage of servers' tips generated from food sales. Defendant avers that the 25¢ per dozen raw oyster portion of tips provided to oyster shuckers were never "pooled" with the portion of tips provided to expeditors. Defendant further avers that oyster shuckers were never paid from the "food sales pool" of tip money shared with expeditors. Defendant otherwise denies the allegations of paragraph 19.

20. The allegations of paragraph 20 are merely legal conclusions. To the extent a response is required, Defendant denies the allegations of paragraph 20.

21. The allegations of paragraph 21 are merely legal conclusions. To the extent a response is required, Defendant denies the allegations of paragraph 21.

22. The allegations of paragraph 22 are merely legal conclusions. To the extent a response is required, Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. The allegations of paragraph 24 are merely legal conclusions. To the extent a response is required, Defendant denies the allegations of paragraph 24.

25. The allegations of paragraph 25 are merely legal conclusions. To the extent a response is required, Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant admits that depending on the shift, some of the duties described in paragraphs 14 and 17 were performed either at the beginning or at the end of a server's shift rather than interspersed throughout the shift, but otherwise denies the remaining conclusory allegations of paragraph 27.

28. Defendant admits servers were required at times to perform some of the duties described in paragraphs 14 and 17 depending on the scheduled shift, but otherwise denies the allegations of paragraph 28.

29. Defendant admits lead servers were required at times to perform some of the duties described in paragraphs 14 and 17 depending on the scheduled shift, but otherwise denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30 and avers bartenders did not perform the same duties required of servers.

31. Defendant denies the allegations of paragraph 31.

32. Defendant admits Plaintiffs and other lead servers, servers, and bartenders were subject to Defendant's pay practices, but otherwise denies the allegations of paragraph 32.

33. Paragraph 33 is merely a legal conclusion or description of the relief sought in the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

34. Defendant admits the jurisdiction and venue allegations of paragraph 34.

35. Defendant admits the jurisdiction allegations of paragraph 35.

36. Defendant admits the allegations of paragraph 36.

37. Defendant admits the allegations of paragraph 37.

38. Defendant admits the allegations of paragraph 38.

39. Defendant admits the allegations of paragraph 39.

40. Defendant admits the allegations of paragraph 40.

41. Defendant admits the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Paragraph 48 is merely a legal conclusion or description of the relief sought in the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Paragraph 51 is merely a legal conclusion or description of the relief sought in the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

52. Paragraph 52 is merely a legal conclusion or description of the relief sought in the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

53. Paragraph 53 is merely a legal conclusion or description of the relief sought in the lawsuit, not a factual allegation. To the extent a response is required, Defendant denies Plaintiffs or anyone similarly situated to them are entitled to any of the relief sought.

Defendant denies each and every remaining allegation in the Complaint not specifically admitted. The "WHEREFORE" clause is merely a prayer for relief which requires neither an admission nor a denial. Further answering, Defendant denies any allegation or inference that it engaged in any unlawful, illegitimate, wrongful, or impermissible conduct or that Plaintiffs or anyone similarly situated to them are entitled to any remedy or relief or damages whatsoever.

*AFFIRMATIVE DEFENSES*

Defendant hereby states the following affirmative defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Defendant further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1. The Complaint, and each alleged claim for relief therein, fails in whole or in part, to state a claim upon which relief may be granted.

2. The Complaint fails to state facts sufficient to permit the awarding of damages.

3. Plaintiffs fail to satisfy the prerequisites for certification of a collective action and, therefore, lacks standing and cannot represent the interests of others as to the purported claims.

4. The types of claims alleged by Plaintiffs on behalf of themselves and the alleged similarly situated individuals, the existence of which are expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective action treatment.

5. Plaintiffs' claims are without merit and are not typical or common of those of the putative class nor are other employees similarly situated. Plaintiffs are not adequate representatives of the putative class, common issues do not predominate over individual issues, damages cannot be proven on a class-wide basis, and a collective action is not a superior method of adjudication of this case.

6. The alleged class Plaintiffs purport to represent is not manageable as a collective action and accordingly is not appropriate for collective action treatment.

7. Defendant has fully and/or substantially performed any and all obligations it may have had to Plaintiffs, and every person on whose behalf relief is sought.

8. Plaintiffs' claims, and the claims of each putative member of the purported class, are barred, in whole or in part, because Plaintiffs and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Defendant. Plaintiffs, and every person on whose behalf relief is sought, have not been damaged in the sums or manner alleged, or in any sum or manner, or at all. Plaintiffs, and every person on whose behalf relief is sought, have been paid all amounts to which they may be entitled.

9. Any act or omission alleged to have given rise to Plaintiffs' Complaint in this action was in good faith and based on a reasonable belief that Defendant was in compliance with all applicable wage and hour requirements. Plaintiffs and each putative member of the purported class are not entitled to statutory double damages because Defendant did not

willfully fail to pay wages and/or there is a bona fide dispute as to whether additional wages are owed.

10. Some or all of the damages sought are *de minimus* and not recoverable.

11. Plaintiffs' claims, and the claims of each putative member of the purported class, are or may be barred in whole or in part by laches or by the applicable statutes of limitations.

12. Plaintiffs' claims, and the claims of each putative member of the purported class, are or may be barred in whole or in part by the doctrines of estoppel, judicial estoppel, collateral estoppel, *res judicata*, issue preclusion, or claim preclusion.

13. Plaintiffs' claims, and the claims of each putative member of the purported class, are or may be barred in whole or in part by the doctrines of accord and satisfaction, payment, release, or failure of consideration.

*DEFENDANT'S PRAYER FOR RELIEF*

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs and the putative members of the purported Plaintiff class take nothing by the Complaint;

2. That the Complaint be dismissed in its entirety with prejudice and without costs or fees of any kind to awarded to Plaintiffs or any putative member of the purported class;

3. That Defendant recover its costs of suit incurred herein, including reasonable attorneys' fees; and

4. That Defendant receive such other and further relief as the Court may deem just and proper.

/s/ Scott Hetrick
R. Scott Hetrick (HETRR5277)
ADAMS AND REESE LLP
11 North Water St., Ste.23200
Mobile, Alabama 36602
Telephone (251) 433-3234
Facsimile (251) 438-7733
Email scott.hetrick@arlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2014, I served a copy of the foregoing on counsel for Plaintiffs through the CM/ECF electronic filing system.

/s/ Scott Hetrick