# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SHARON COMBS, MELINDA WOOD, :
ANGELIA HOUSE, and DEBORAH
PARTON, :

    Plaintiffs, :

vs. : CA 14-0172-C

THE ORIGINAL OYSTER HOUSE, :
INC.,

    Defendant.

## JUDGMENT

As to the twenty-six plaintiffs referenced in the concurrent order entered today's date, JUDGMENT IS HEREBY ENTERED AS FOLLOWS:

    1.    Defendant, Original Oyster House, Inc., shall pay to the settling plaintiffs the sums hereinafter set forth, in equal monthly installments as identified, encompassing both allegedly unpaid wages and equal amounts of liquidated damages, save with respect to additional compromises reached with four opt-in plaintiffs,[1] as follows:

---

[1] As explained by the parties in their joint motion, "the offers made to Plaintiffs proposed to pay for all hours Defendant recorded and claimed a 'tip credit' during the uncontested two year liability period [defined as the two years prior to a particular plaintiff's opt-in date] without examining whether or not 'tip outs' were paid to either oyster shuckers or expeditors by a particular server on a given shift[,]" with four noted exceptions. (Doc. 48, at ¶ 4 & n.4.) With respect to opt-in plaintiffs Crystal Harden, Jude Sanford, and Kelly Stewart, Oyster House provided counsel for plaintiffs copies of records showing "their acceptance of refunds of the 'tip outs' paid to the oyster shuckers and 'tip outs' paid to the expeditors from those particular Plaintiffs' tips[]" and these three opt-in plaintiffs "agreed to deduct these refund amounts from the 'tip credit' calculation[]" since the payments made to them were made after the instant lawsuit was filed. (*Id.* at n.4.) The final exception involves Shelli Barnes who was offered only $1,000.00 to settle because "Defendant provided records showing that [she] did not work at all for Defendant during the two-year period prior to her opt in date, and thus (Continued)

|     | Name | Judgment Amount | Monthly Payments |
| --- | --- | --- | --- |
| a.  | Shelli Barnes | $1,000.00 | 1 |
| b.  | Richard Boyette | $11,875.00 | 4 |
| c.  | Matthew Brown | $4,525.00 | 2 |
| d.  | Ashley Carson | $26,205.00 | 4 |
| e.  | Cecilly Compton | $12,950.00 | 4 |
| f.  | Kory Dees | $1,950.00 | 1 |
| g.  | Crystal Harden | $22,920.00 | 4 |
| h.  | Jennifer Howland | $10,050.00 | 4 |
| i.  | Letitia Jackson | $11,675.00 | 4 |
| j.  | Leon Knight | $2,735.00 | 1 |
| k.  | Nancy Lanham | $26,100.00 | 4 |
| l.  | Marshall Lipscomb | $14,775.00 | 4 |
| m.  | Jason Middleton | $22,225.00 | 4 |
| n.  | Jude Sanford | $21,945.00 | 4 |
| o.  | Ken Sinclair | $16,400.00 | 4 |
| p.  | Stephen Smith | $4,200.00 | 2 |
| q.  | Danielle Souza | $29,000.00 | 2 |
| r.  | Kelly Stewart | $20,500.00 | 4 |
| s.  | Matthew Suleski | $5,025.00 | 2 |
| t.  | Zakkary Toth | $6,500.00 | 3 |
| u.  | Karen Trammell | $10,300.00 | 4 |
| v.  | Ryan Traudt | $22,510.00 | 4 |
| w.  | Michael Watson | $13,150.00 | 4 |
| x.  | Lauren Whitehead | $16,750.00 | 4 |
| y.  | Melinda Wood | $23,740.00 | 2 |
| z.  | Joshua Yeend | $26,375.00 | 4 |

2. Defendant also shall pay the settling plaintiffs' reasonable costs and attorney's fees totaling $42,937.50.

3. This Judgment has been reached as a compromise of disputed claims and is not to be deemed an admission of fault or liability by the Original Oyster House, Inc.

4. This Judgment provides a total resolution and complete satisfaction of any and all claims and allegations by the settling plaintiffs against the defendant which are or could have been asserted in this action.

---

her claims could be barred under [the] FLSA two-year statute of limitations if it is determined that the three-year statute [of] limitation[s] period for willful violations does not apply." (*Id.*)

5. This Judgment shall act to dismiss all claims of the settling plaintiffs against the defendant **with prejudice**.

**DONE** this the 24th day of July, 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**