IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELIA HOUSE, et al.       : | |
|     Plaintiffs,       : | |
| : | |
| vs.       : | Case No. 1:14-cv-00172-C |
| : | |
| ORIGINAL OYSTER HOUSE, INC.,       : | |
|     Defendant.       : | |

JOINT MOTION TO APPROVE SETTLEMENT AS TO
CERTAIN PLAINTIFFS

Plaintiffs Shanavida Dyer, Rebecca Johnson, Whitney Laine, Michael Mills, Timothy Parker, Clarissa Roussus, Ingrid Jena Welborn, and Katy Winscott and Defendant Original Oyster House, Inc. request the Court to approve a settlement of these Plaintiffs' individual claims in this *Fair Labor Standards Act* lawsuit.  The parties incorporate by reference their prior "Joint Motion to Approve Settlement as to Certain Plaintiffs" [Doc.48] to explain their respective positions and the overall basis of the settlements.  The parties further state as follows:

1.	Defendant previously made Offers of Judgment to these eight plaintiffs, and all have accepted. [Docs.108, 122, 124, 128]

2.	With each Offer of Judgment, Defendant provided to Plaintiffs' counsel the payroll records of the kind described in the prior motion. [*See* Doc. 48 ¶3] Each plaintiff has agreed to accept a settlement consisting primarily of the payment of the "tip credit" amount and an equal amount in liquated damages for the two-year period calculated in a manner described in the prior motion. [*See* Doc.48 ¶¶3-8] The total amounts offered and accepted by each Plaintiff are set out below:

| Last Name | First Name | Offer |
|---|---|---|
| Dyer | Shanavida | $11,845.00 |
| Johnson | Rebecca | $150.00 |

| Laine | Whitney | $7,745.00 |
| --- | --- | --- |
| Mills | Michael | $4,000.00 |
| Parker | Timothy | $6,375.00 |
| Roussus | Clarissa | $2,420.00 |
| Welborn | Ingrid Jena | $2,395.00 |
| Winscott | Katy | $9,925.00 |

3. The backpay will be paid subject to all applicable employee tax withholdings and payroll deductions. The liquidated damages will not be subject to tax withholdings and payroll deductions.

4. Defendant will make payment by hand delivery or regular U.S. mail to Plaintiffs' counsel. These plaintiffs are each individually responsible for keeping Plaintiffs' counsel informed concerning any changes in his mailing address. The settlement payments will be made within fifteen (15) business days after the date of the Court's order approving settlement.

5. The accepted Offers also had an agreement that Defendant would pay each plaintiffs' "proportionate share of reasonable non-duplicative costs and reasonable non-duplicative attorneys' fees incurred in connection with this action (i.e., costs and fees which were not previously paid) either (1) in an amount as agreed to between counsel for the parties, or (2) if the parties are unable to agree, as determined by the Court upon motion." There is certainly an agreement that Defendant will pay some fees and costs as part of the settlement of these claims. But for several reasons, undersigned counsel have not yet come to an agreement concerning what attorneys' fees and costs are reasonable and applicable to these plaintiffs.

6. The undersigned attorneys do not wish to unduly delay any payment of the settlement amounts to these plaintiffs as a result of their dispute over fees and costs. Accordingly, the parties move the Court to enter an order approving the settlement for these eight plaintiffs for the amounts stated above and incorporate the above language stating that the

amount of fees and costs will be set by this Court by separate order at a later date as a result of an agreement of the parties or by the Court on motion.

WHEREORE, the foregoing premises considered, the parties respectfully request that the Court find that the terms of the proposed settlement as set forth in the "offers of judgment" and herein represent a fair and reasonable resolution of this dispute and dismiss these eight Plaintiffs' claims from the lawsuit with prejudice and with leave to the parties, within five (5) months, to stipulate to a different basis for dismissal or to stipulate to the entry of a judgment instead of a dismissal, and with leave to any party to file, within five (5) months, a motion to have the dismissal set aside and the case reinstated or settlement enforced, should the settlement not be consummated. Furthermore, that the Court maintains jurisdiction over this action so as to enforce settlement should it not be consummated. Nothing in this settlement shall be construed to prohibit Plaintiffs' counsel from seeking an award of attorney fees and costs at a later date for these Plaintiffs or to preclude Defendant from contesting the reasonableness of any award sought, per the terms of this agreement.

Pursuant to the ECF Procedures Manual Section II.C.3., Plaintiffs' attorney consents to and authorizes Defendant's attorney to sign this joint motion and to submit it for electronic filing. Plaintiffs' attorney acknowledges that this motion is to be treated as if his original signature appears thereon.

| | |
|---|---|
| */s/ Daniel Arciniegas* | */s/ Scott Hetrick* |
| Daniel Eduardo Arciniegas | R. Scott Hetrick (HETRR5277) |
| Wiggins, Childs, Quinn, and Pantazis, LLC | ADAMS AND REESE LLP |
| 301 19th Street North | 11 North Water St., Ste.23200 |
| Birmingham, AL 35203 | Mobile, Alabama 36602 |
| Telephone (205)314-0577 | Telephone (251) 433-3234 |
| Email: dea@wcqp.com | Facsimile (251) 438-7733 |
| Attorneys for Plaintiffs | Email scott.hetrick@arlaw.com |
| | Attorneys for Defendant |