IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELIA HOUSE, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | CA 14-0172-C |
| THE ORIGINAL OYSTER HOUSE, INC., | : | |
| | : | |
| Defendant. | | |

## JUDGMENT

As to the thirty-seven named and opt-in plaintiffs referenced in the concurrent order entered today's date, **JUDGMENT IS HEREBY ENTERED AS FOLLOWS**:

1.   Defendant, Original Oyster House, Inc., shall pay to the settling plaintiffs the sums hereinafter set forth, consisting primarily of the "tip credit" amount and an equal amount on liquidated damages[1] for the two-year period prior to each plaintiff's respective opt-in date calculated in the manner described in the parties' initial joint motion to approve settlement (*see* Doc. 48), save with respect to additional compromises reached with nineteen of the plaintiffs made the subject of the parties' joint motion to approve settlement as to twenty-seven plaintiffs (Doc. 166),[2] as follows:

---

[1]   Per the parties' agreements, "[t]he backpay will be paid subject to all applicable employee tax withholdings and payroll deductions." (Doc. 154, ¶ 3; Doc. 156, ¶ 3; Doc.160, ¶3; Doc. 166, ¶ 5.) However, "[t]he liquidated damages will not be subject to tax withholdings and payroll deductions." (*See id.*)

[2]   As explained by the parties in their most recently filed joint motion, with respect to plaintiffs Jayne Brooks, Alberto Frietas, Eugenia Gorbatii, Michelle Higgins, Curtis Horton, Celia Janson, Christin Jaye, Fernanda Krumm, Osmar Neto, Ann Pouncey, Stacy Sinclair, and Kris Tateosyan, Oyster House provided counsel for plaintiffs copies of records showing their "acceptance of refunds of the 'tip outs' paid to oyster shuckers and expeditors from those particular Plaintiffs' tips[]" and these plaintiffs "agreed to deduct these refund amounts from (Continued)

|     | Name               | Judgment Amount |
|-----|--------------------|-----------------|
| a.  | Shanavida Dyer     | $11,845.00      |
| b.  | Rebecca Johnson    | $     150.00    |
| c.  | Whitney Laine      | $  7,745.00     |
| d.  | Michael Mills      | $  4,000.00     |
| e.  | Timothy Parker     | $  6,375.00     |
| f.  | Clarissa Roussus   | $  2,420.00     |
| g.  | Ingrid Jena Welborn| $  2,395.00     |
| h.  | Katy Winscott      | $  9,925.00     |
| i.  | Glenda Wilson      | $11,800.00      |
| j.  | Amanda Kervin      | $18,650.00      |
| k.  | Brittany Baty      | $  7,100.00     |
| l.  | Shelia Black       | $     265.00    |
| m.  | Jayne Brooks       | $18,800.00      |
| n.  | Michelle Carver    | $  1,000.00     |
| o.  | Claudio Duarte     | $13,700.00      |
| p.  | Alberto Freitas    | $  9,785.00     |
| q.  | Christian Garro    | $  2,145.00     |
| r.  | Eugenia Gorbatii   | $10,155.00      |
| s.  | John Hamrac        | $  1,000.00     |
| t.  | Michelle Higgins   | $14,415.00      |
| u.  | Curtis Horton      | $  5,350.00     |
| v.  | Angelia House      | $  6,100.00     |
| w.  | Crystal Howell     | $  1,000.00     |
| x.  | Lynda Huckabee     | $     300.00    |
| y.  | Celia Janson       | $  9,330.00     |
| z.  | Christin Jaye      | $11,945.00      |
| aa. | Barbara Jones      | $  4,600.00     |
| bb. | Tyson Kinsey       | $  1,000.00     |
| cc. | Fernanda Krumm     | $16,155.00      |
| dd. | Karen Landry       | $     100.00    |
| ee. | John Meister       | $     305.00    |
| ff. | Osmar Neto         | $12,735.00      |

the 'tip credit' calculation[]" since the payments made to them were made after the instant lawsuit was filed. (*See id.* at ¶ 3.) The second exception involves plaintiffs Michelle Carver, John Hamrac, Crystal Howell, Tyson Kinsey, Karen Landry, Cristin Vaduva, and Roger Wells, who were offered certain compromised amounts (ranging from $100 to $3,000, with most being offered $1,000) to settle because "Defendant provided to Plaintiffs' counsel records showing that none of these Plaintiffs worked for Defendant during the two-year period prior to their respective opt in-dates," and, thus, "their claims could be barred under [the] FLSA if it were determined that the three-year statute [of] limitation[s] period for willful violations did not apply." (*Id*. at ¶ 4.) "[Karen] Landry's accepted offer was lower than the others because she had less than $200 potential backpay during the FLSA liability period[,]" while "[Roger] Wells' settlement amount was higher because he rejected the initial offer and negotiated a settlement at a higher amount." (*Id.*)

|     |                  |            |
|-----|------------------|------------|
| gg. | Ann Pouncey      | $21,045.00 |
| hh. | Stacy Sinclair   | $13,880.00 |
| ii. | Kris Tateosyan   | $10,035.00 |
| jj. | Cristian Vaduva  | $ 1,000.00 |
| kk. | Roger Wells      | $ 3,000.00 |

These settlement payments are to be made within fifteen (15) business days after the date of the Court's order approving settlement.

2.  Defendant also shall pay reasonable costs and attorneys' fees totaling $68,000.00[3] to the law firm of Wiggins, Childs, Pantazis, Fisher, Goldfarb LLC, attorneys for plaintiffs. This $68,000.00 will be remitted to plaintiffs' counsel within fifteen (15) business days after the date of this Court's order approving settlement.

3.  This Judgment has been reached as a compromise of disputed claims and is not to be deemed an admission of fault or liability by the Original Oyster House, Inc.

4.  This Judgment provides a total resolution and complete satisfaction of any and all claims and allegations by the settling plaintiffs against the defendant that are or could have been asserted in this action. In addition, the terms of the settlement recognized herein represent a fair and reasonable resolution of this bona fide FLSA dispute.

5.  This Judgment shall act to dismiss all claims of the settling plaintiffs against the defendant **with prejudice** and, indeed, because the 37 plaintiffs referenced herein, along with the three opt-in plaintiffs (that is, Jennifer Davis, Angel Gauci, and

---

[3] This amount covers not only the attorneys' fees and costs associated with the thirty-seven (37) plaintiffs referenced herein but, as well, the attorney's fees and expenses incurred with respect to work performed for the five plaintiffs who settled their claims against the defendant on or about August 15, 2014, as reflected in the judgment entered on August 19, 2014 (Doc. 90; *see also* Doc. 89; *see* Doc. 88.) Plaintiffs' counsel were previously awarded reasonable costs and attorneys' fees totaling $42,937.50, respecting work and costs expended on the claims of twenty-six (26) other plaintiffs who previously settled with the defendant. (*See* Docs. 55 & 56.)

Virginia Nicholas) whose claims have been dismissed with prejudice—by joint stipulation—entered today's date by separate order, represent all remaining plaintiffs in this action, this lawsuit and all claims arising herein are **DISMISSED WITH PREJUDICE**.

6. In light of the foregoing, it is **ORDERED** that this action be **DISMISSED** from the active docket of the Court, **with prejudice**, provided that any party may reinstate this action within thirty (30) days after the date of the entry of this Judgment—and the concurrent Orders entered today's date—if the settlement is not consummated in the interim.

7. Provided no party reinstates this action, final judgment, as prescribed by Rule 58 of the Federal Rules of Civil Procedure, shall be deemed as entered on **March 9, 2015**.

      **DONE** this the 5th day of February, 2015.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**